**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIELA CASAS-FIGUEROA, AKA Claudia Chinchilla De Donez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-73614 <br><br> Agency No. A097-335-793 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:     McKEOWN, BYBEE, and OWENS, Circuit Judges.

Gabriela Casas-Figueroa, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's ("IJ") order denying her motion to reconsider the denial of

her prior motion to reopen removal proceedings. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Casas-Figueroa's motion to reconsider for failure to identify any error of fact or law in the IJ's denial of her motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2). The agency properly determined that Casas-Figueroa's underlying motion to reopen was untimely, and she did not present sufficient evidence for equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(1); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances).

In light of our disposition, we do not reach Casas-Figueroa's remaining contentions regarding ineffective assistance of counsel and exceptional circumstances. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Casas-Figueroa's motion to remand (Docket Entry No. 22) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to

16-73614

appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED.**