NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAZMIN ROSMERY BARAHONA-MARTINEZ; et al.,<br><br>            Petitioners,<br><br>    v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>            Respondent. | No.    16-73808<br><br>Agency Nos.    A208-163-394<br>                        A208-163-395<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Jazmin Rosmery Barahona-Martinez and her son, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum and withholding of removal.  We have jurisdiction under 8

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review the agency's factual findings for substantial evidence. *Dai v. Sessions*, 884 F.3d 858, 866 (9th Cir. 2018).  We deny the petition for review.

Substantial evidence supports the agency's conclusion that the harassment and threats Barahona-Martinez experienced from gang members did not rise to the level of past persecution.  *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (threats alone "rarely constitute persecution"); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (threats do not rise to the level of persecution unless they are "so menacing as to cause significant actual suffering or harm").  Substantial evidence also supports the agency's conclusion that Barahona-Martinez did not establish a well-founded fear of persecution because she failed to show that she could not safely relocate to another part of El Salvador or that it would be unreasonable to expect her to do so.  *See* 8 C.F.R. §§ 1208.13(b)(2)(ii) (asylum), 1208.16(b)(2) (withholding of removal); *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (burden of proof is on applicant if she has not established past persecution).  Thus, Barahona-Martinez's asylum and withholding of removal claims fail.

We reject petitioners' contention that the immigration court lacked jurisdiction over their case.  *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information

to vest jurisdiction in immigration court).

**PETITION FOR REVIEW DENIED.**