**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BELINDA ALVARO PASCUAL, | No.    18-70293 |
| Petitioner, | Agency No. A206-910-386 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Belinda Alvaro Pascual, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We grant in part and deny in part the petition for review, and remand.

The agency found the incidents of past harm that Alvaro Pascual suffered, including two attempted rapes and accompanying threats, did not rise to the level of persecution. Substantial evidence does not support this finding. *See Ruano v. Ashcroft*, 301 F.3d 1155, 1159-61 (9th Cir. 2002) (threats accompanied by close confrontation may constitute past persecution). Thus, we grant the petition for review with respect to Alvaro Pascual's asylum and withholding of removal claims and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Alvaro Pascual's request to remand, set forth in her opening brief, is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

18-70293