NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESLI MONZON-CASTENEDA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  15-72160<br>No.  19-70152<br><br>Agency No. A200-822-741<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2019**
San Francisco, California

Before:  MCKEOWN and GOULD, Circuit Judges, and LASNIK,*** District Judge.

Esli Monzon-Casteneda ("Monzon"), a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

affirming an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review the agency's determination for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1041 (9th Cir. 2010). Because the parties are familiar with the facts, we do not recite them here. We deny the petition.[1]

Monzon entered the United States in November 2004. He was statutorily required to apply for asylum within one year of his most recent entry into the United States unless he "demonstrate[d] . . . either the existence of changed circumstances which materially affect[ed] [his] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). He did not file an application until almost eight years later, on May 2, 2012. The BIA correctly found that the deaths of his cousins in 2011 did not constitute "changed circumstances," as they were "not substantially different from the events that led him to flee Guatemala." Substantial evidence supports the BIA's decision that Monzon's application was time-barred.

Even if Monzon had succeeded in demonstrating changed circumstances to excuse the untimeliness of his application, the BIA correctly concluded that "taxi

---

[1] Based on *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), we grant the motion for summary disposition (Dkt. 13) and **DENY** Monzon's petition in Case No. 19-70152.

drivers in Guatemala" is not a protectable social group. *Reyes v. Lynch*, 842 F.3d 1125, 1134 (9th Cir. 2016). The characteristic of being a taxi driver is not one that "the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083–84 (9th Cir. 2013) (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985), *overruled on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (BIA 1987)). Nor did Monzon establish that "it is more likely than not that he . . . would be tortured if removed" to Guatemala. 8 C.F.R. § 208.16(c)(2).

**PETITION DENIED**.