**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESTER MARTINEZ SALGADO, | No.   18-72205 |
| Petitioner, | Agency No. A206-350-314 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 12, 2019
Pasadena, California

Before:  GRABER, BERZON, and CHRISTEN, Circuit Judges.

Petitioner Lester Martinez Salgado seeks review of the Board of

Immigration Appeals' decision to deny his request for asylum, withholding of

removal, and relief under the Convention Against Torture. We deny the petition.

Where, as here, the Board of Immigration Appeals ("BIA") adopts and

affirms the decision of the Immigration Judge ("IJ") and provides additional

reasoning, the panel reviews both the BIA's and IJ's decisions. *Gonzalez-Caraveo*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). We review denials of asylum, withholding of removal, and relief under the Convention Against Torture for substantial evidence, upholding the agency's findings unless the evidence compels a contrary result. *See, e.g.*, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review for abuse of discretion the determination that a crime is particularly serious, rendering petitioner ineligible for asylum or withholding of removal. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077–78 (9th Cir. 2015).

1. We deny the petition as to Martinez Salgado's asylum and withholding claims. Neither the IJ nor the BIA abused its discretion in concluding that Petitioner's conviction was for a particularly serious crime, rendering him statutorily ineligible for asylum or withholding. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). Additionally, Martinez Salgado failed to show that he was a member of a cognizable particular social group. Petitioner's first proposed social group, "Honduran witnesses to MS-13's criminal activities who fail to abide by the gang's demands," is not cognizable. *See, e.g.*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc) (noting that "proposed social groups of those generally opposed to gangs or resistant to gang recruitment" are not cognizable for asylum or withholding). Petitioner failed to show that he is a member of his proposed alternative social group, "Honduran persons taking concrete steps to oppose gang membership and gang authority."

2. We deny the petition as to Martinez Salgado's claim for relief under the Convention Against Torture. Substantial evidence, including a recent country conditions report indicating that the government has been discharging large numbers of police officers for corruption, supports the IJ's and BIA's finding that any torture Petitioner might suffer if returned to Honduras will not occur with the government's acquiescence.

3. Martinez Salgado's argument that the IJ and BIA lacked jurisdiction because of deficiencies in his Notice to Appear is squarely foreclosed by our decision in *Karingithi v. Whitaker*. *See* 913 F.3d 1158, 1159 (9th Cir. 2019) (initial notice to appear need not include time and date of the hearing to vest jurisdiction in immigration court).

**DENIED.**