NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE*, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-71728 <br><br> Agency No. AXXX-XXX-XXX <br><br> MEMORANDUM** |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2020
Phoenix, Arizona

Before: GRABER, HURWITZ, and MILLER, Circuit Judges.

John Doe, a native and citizen of Mexico, petitions for review of a Board of

Immigration Appeals order upholding an immigration judge's denial of his

application for deferral of removal under the Convention Against Torture (CAT).

---

\*      We previously ordered that all filings in this case be maintained under
seal. *See* Dkt. No. 10. We grant petitioner's unopposed motion that any publicly
filed disposition refer to him using a pseudonym. *See* Dkt. No. 2. Any related
public filing shall not contain petitioner's true name or alien registration number.

\*\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*See* 8 C.F.R. § 1208.17. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition and remand.

We reject Doe's argument that the agency lacked jurisdiction because his initial notice to appear did not include the time and date of his removal proceedings. The hearing notices that Doe received specified the date and time of the proceedings, so Doe's argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–62 (9th Cir. 2019).

On the merits, we agree with Doe that the Board's rejection of his CAT claim was not supported by substantial evidence. *See Cole v. Holder*, 659 F.3d 762, 770–72 (9th Cir. 2011). The agency assumed that Doe testified credibly, and we must do so as well. *See Barraza Rivera v. INS*, 913 F.2d 1443, 1450 (9th Cir. 1990). Doe's testimony established that he witnessed a gang-related murder, that he testified for the prosecution, and that he has been repeatedly targeted by Mexican gangs and their transnational affiliates because they identified him as a snitch. Although corroboration of his credible testimony is not required, *see* 8 C.F.R. § 1208.16(c)(2), the record also contains documentary evidence reinforcing its key factual predicates. In determining that Doe did not show that his identification as a snitch was the motivation behind past attacks, the Board did not draw reasonable inferences from Doe's testimony. *See Cole*, 659 F.3d at 770–72.

In addition, the Board discounted the uncontradicted testimony of Doe's

2

expert, who stated, based on his training and experience, that the attacks Doe suffered were consistent with how gangs would treat a snitch. The expert further testified that someone perceived as a snitch would be placed on a gang's kill list and would remain on the list for an extended period of time. In the expert's opinion, there was a 90 percent chance that someone in Doe's position would be killed if removed to Mexico.

We have explained that an agency's decision "cannot stand" when it "fail[s] to mention highly probative or potentially dispositive evidence." *Id.* at 772; *see also Parada v. Sessions*, 902 F.3d 901, 914–15 (9th Cir. 2018); 8 C.F.R. § 1208.16(c)(3). Here, the Board concluded that Doe would not likely be tortured because he had only been the victim of assaults in the United States, and because Doe's expert had never personally seen Doe's name on a kill list. Neither rationale withstands scrutiny.

Although past harm may be indicative of the likelihood of future torture, a CAT claim does not require past harm, and the Board erred in assuming that the harm Doe may face upon removal to Mexico would not rise to the level of torture because Doe previously suffered only assaults. *See* 8 C.F.R. § 1208.16(c)(3). The Board also appears to have attached inordinate significance to the expert's statement that he had not personally seen Doe's name on a kill list. But the Board may not extract one piece of expert testimony to the exclusion of the remainder of

the testimony, without explaining why and supporting its decision with record evidence. *See Cole*, 659 F.3d at 771–72. Doe was not required to prove definitively that he was on a particular kill list; instead, he had to show that it was more probable than not that he would be tortured if removed to Mexico. *See* 8 C.F.R. § 1208.16(c)(2).

For similar reasons, the Board erred in analyzing whether the Mexican government would acquiesce in Doe's torture. 8 C.F.R. § 1208.18(a)(7); *see Cole*, 659 F.3d at 771. Doe's expert testified that criminal organizations bribe corrupt Mexican immigration officials to look for certain names of persons entering the country, including snitches. He also testified that 25 percent of Mexican immigration officials have committed known acts of corruption justifying their removal, but that firing an immigration official even for corruption can take years. According to the expert, any Mexican immigration official can check on any person removed to Mexico once per week.

Relying on *Matter of J-F-F-*, 23 I. & N. Dec. 912 (A.G. 2006), the Board concluded that Doe could only speculate that he would come to the attention of a corrupt immigration official. But Doe did much more than that: his expert testified that a single corrupt official could gain access to Doe's immigration file on a weekly basis. For that reason, a 25 percent rate of corruption among officials does not, as the Board appears to have inferred, translate into only a 25 percent chance

that Doe would be detected by a gang. The effect of the Board's mistake was to require Doe to prove to a near certainty that he would come to the attention of a corrupt immigration official in possession of a specific kill list with Doe's name on it, and that the corrupt official would also be able to identify Doe. By demanding such definitive evidence, the Board did not correctly apply the legal standard for a CAT claim, which requires that the applicant show only that torture is "more likely than not." 8 C.F.R. § 1208.16(c)(2).

**PETITION GRANTED AND REMANDED**.