**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERAH NJOKI KARINGITHI, *Petitioner*, v. MATTHEW G. WHITAKER, Acting Attorney General, *Respondent.* | No. 16-70885 Agency No. A087-020-992 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2018
San Francisco, California

Filed January 28, 2019

Before:  M. Margaret McKeown, William A. Fletcher,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge McKeown

# SUMMARY[*]

## Immigration

The panel denied Serah Karingithi's petition for review of the Board of Immigration Appeals' denial of relief from removal, holding that a notice to appear that does not specify the time and date of an alien's initial removal hearing vests an immigration judge with jurisdiction over the removal proceedings, so long as a notice of hearing specifying this information is later sent to the alien in a timely manner.

The Supreme Court recently held in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), that a notice to appear lacking the time and date of the hearing before an immigration judge is insufficient to trigger the stop-time rule for purposes of cancellation of removal relief. In light of *Pereira*, Karingithi argued that a notice to appear lacking the time and date of the hearing was insufficient to vest jurisdiction with the immigration court.

The panel rejected this argument. The panel noted that *Pereira* addressed the required contents of a notice to appear in the context of the stop-time rule and the continuous physical presence requirement for cancellation of removal under 8 U.S.C. §§ 1229(a), 1229b, but was not in any way concerned with the immigration court's jurisdiction. The panel held that *Pereira*'s narrow ruling does not control the analysis of the immigration court's jurisdiction because, unlike the stop-time rule, the immigration court's

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

jurisdiction does not hinge on § 1229(a). The panel explained that the issue of immigration court jurisdiction is instead governed by federal immigration regulations, including 8 C.F.R. §§ 1003.13, 1003.14(a), 1003.15(b), which do not require that the charging document include the time and date of the hearing.

The panel noted that its reading of the regulations was consistent with the Board's recent decision in *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), which held that "a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien." The panel also concluded that the Board's decision in *Bermudez-Cota* warranted deference.

Because the charging document in this case satisfied the regulatory requirements, and Karingithi received subsequent timely notices including the time and date of her hearing, the panel held that the immigration judge had jurisdiction over the removal proceedings.

The panel declined to consider Karingithi's argument, in the alternative, that *Pereira* renders her eligible for cancellation of removal, because cancellation relief was a new claim that was not part of the present petition for review.

The panel addressed the merits of Karingithi's petition for review of the denial of asylum and related relief in a contemporaneously filed memorandum disposition.

**COUNSEL**

Rudy Lieberman (argued), Law Office of Rudy Lieberman, San Francisco, California, for Petitioner.

Greg D. Mack (argued) and Leslie M. McKay, Senior Litigation Counsel; Terri J. Scadron, Assistant Director; Joseph H. Hunt, Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

Lonny Hoffman, Law Foundation Professor of Law, University of Houston Law Center, Houston, Texas, as and for Amicus Curiae.

**OPINION**

McKEOWN, Circuit Judge:

We consider whether the Immigration Court has jurisdiction over removal proceedings when the initial notice to appear does not specify the time and date of the proceedings, but later notices of hearing include that information. This question is governed by federal immigration regulations, which provide that jurisdiction vests in the Immigration Court when a charging document, such as a notice to appear, is filed. 8 C.F.R. §§ 1003.13, 1003.14(a). The regulations specify the information a notice to appear must contain; however, the time and date of removal proceedings are not specified. 8 C.F.R. § 1003.15(b). Because the charging document in this case satisfied the regulatory requirements, we conclude the Immigration Judge ("IJ") had jurisdiction over the removal proceedings. This reading is consistent with the recent

interpretation of these regulations by the Board of Immigration Appeals ("BIA" or the "Board"), *see Matter of Bermudez-Cota*, 27 I. & N. Dec. 441 (BIA 2018), and the only other court of appeals to reach this issue, *see Hernandez-Perez v. Whitaker*, 911 F.3d 305, 310–15 (6th Cir. 2018). We also note that the petitioner, Serah Njoki Karingithi, had actual notice of the hearings through multiple follow-up notices that provided the date and time of each hearing.

The Supreme Court recently addressed the required contents of a notice to appear in the context of cancellation of removal under 8 U.S.C. §§ 1229(a), 1229b. *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *Pereira* was not in any way concerned with the Immigration Court's jurisdiction. Rather, the Court considered what information a notice to appear must contain to trigger the stop-time rule, which determines whether a noncitizen has been continuously present in the United States long enough to be eligible for cancellation of removal. *Id.* at 2110; *see also* 8 U.S.C. § 1229b. Unlike the stop-time rule, the Immigration Court's jurisdiction does not hinge on § 1229(a), so *Pereira*'s narrow ruling does not control our analysis. We conclude that the IJ had jurisdiction over Karingithi's removal proceedings and that the Board properly denied her petition. We address the merits of Karingithi's petition for review in a separate memorandum disposition filed contemporaneously with this Opinion.

## BACKGROUND

Karingithi, a native of Kenya, entered the United States on July 7, 2006 on a tourist visa. She violated her visa's terms by remaining in the United States past its six-month limit. On April 3, 2009, the Department of Homeland Security commenced removal proceedings by filing a notice

to appear with the Immigration Court, charging Karingithi with removability under 8 U.S.C. § 1227(a)(1)(B). The notice to appear specified the location of the removal hearing. The date and time were "To Be Set." The same day, Karingithi was issued a notice of hearing, which provided the date and time of the hearing.

Karingithi conceded removability, but filed with the Immigration Court an application for asylum, withholding of removal, and protection under the Convention Against Torture. In the alternative, she requested voluntary departure. After multiple continuances spanning five years, as well as numerous hearing notices providing the date and time of proceedings, the IJ rejected all four grounds for relief, and ordered Karingithi removed. The BIA affirmed. Karingithi now challenges the IJ's jurisdiction over her removal proceedings and the BIA's decision.

## ANALYSIS

The Attorney General has promulgated regulations governing removal proceedings, including when jurisdiction vests with the IJ. The relevant regulation, entitled "Jurisdiction and commencement of proceedings," dictates that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). A charging document is "the written instrument which initiates a proceeding before an Immigration Judge," and one of the enumerated examples is a notice to appear. 8 C.F.R. § 1003.13.

Because both the regulation and a statutory provision, 8 U.S.C. § 1229(a), list requirements for the contents of a notice to appear, we consider whether their requirements differ, and if so, which authority governs the Immigration

Court's jurisdiction.  According to the regulation, a notice to appear must include specified information, such as "[t]he nature of the proceedings," "[t]he acts or conduct alleged to be in violation of law," and "[n]otice that the alien may be represented, at no cost to the government, by counsel or other representative."  8 C.F.R. § 1003.15(b).  Importantly, the regulation does not require that the time and date of proceedings appear in the initial notice.  *See id.*  Rather, the regulation compels inclusion of such information "*where practicable.*"   8 C.F.R. § 1003.18(b) (emphasis added).  When "that information is not contained in the Notice to Appear," the regulation requires the IJ to "schedul[e] the initial removal hearing and provid[e] notice to the government and the alien of the time, place, and date of hearing."[1]  *Id.*

Section 1229(a) requires that "[i]n removal proceedings . . . written notice (in this section referred to as a 'notice to appear') [ ] be given" to the noncitizen.  The statute goes on to specify what information the notice must contain, and it largely mirrors the regulation's requirements with one significant difference: it requires, without qualification, inclusion of "[t]he time and place at which the proceedings will be held."   8 U.S.C. § 1229(a)(1)(G)(i).  Notably, the statute is silent as to the jurisdiction of the Immigration Court.  *See generally* 8 U.S.C. § 1229.

Karingithi argues that if a notice to appear does not state the time for her initial removal hearing, it is not only

---

[1] *Pereira* appears to discount the relevance of 8 C.F.R. § 1003.18 in the distinct context of eligibility for cancellation of removal.  *See Pereira*, 138 S. Ct. at 2111.  However, as discussed below, *Pereira*'s narrow holding does not govern the jurisdictional question that we address.

defective under § 1229(a), but also does not vest jurisdiction with the IJ.  The flaw in this logic is that the regulations, not §1229(a), define when jurisdiction vests.  Section 1229 says nothing about the Immigration Court's jurisdiction.  And for their part, the regulations make no reference to § 1229(a)'s definition of a "notice to appear."  *See generally* 8 C.F.R. §§ 1003.13–1003.14.  If the regulations did not clearly enumerate requirements for the contents of a notice to appear for jurisdictional purposes, we might presume they *sub silentio* incorporated § 1229(a)'s definition.  *Cf. Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 860 (1986) ("The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." (internal quotation marks omitted)).  But the plain, exhaustive list of requirements in the jurisdictional regulations renders that presumption inapplicable here.  Not only does that list not include the time of the hearing, reading such a requirement into the regulations would render meaningless their command that such information need only be included "where practicable."  8 C.F.R. § 1003.18(b).  The regulatory definition, not the one set forth in § 1229(a), governs the Immigration Court's jurisdiction.  A notice to appear need not include time and date information to satisfy this standard.  Karingithi's notice to appear met the regulatory requirements and therefore vested jurisdiction in the IJ.

*Pereira* does not point to a different conclusion.  To begin, *Pereira* dealt with an issue distinct from the jurisdictional question confronting us in this case.  At issue was the Attorney General's statutory authority to cancel removal of "an alien who . . . has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of" her application for relief.  8 U.S.C. § 1229b(b)(1)(A).  Under the statute's

"stop-time rule," the "period of . . . continuous physical presence" is "deemed to end . . . when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1). In *Pereira*, the Court acknowledged that it decided only a single, "narrow question": "If the Government serves a noncitizen with a document that is labeled 'notice to appear,' but the document fails to specify either the time or place of the removal proceedings, does it trigger the stop-time rule?" *Pereira*, 138 S. Ct. at 2110. The Court held it did not, emphasizing multiple times the narrowness of its ruling. *See, e.g.*, *id.* at 2110, 2113.

*Pereira*'s analysis hinges on "the intersection" of two statutory provisions: § 1229b(d)(1)'s stop-time rule and § 1229(a)'s definition of a notice to appear. *Id.* at 2110. The stop-time rule is not triggered by *any* "notice to appear"—it requires a "notice to appear *under section 1229(a)*." 8 U.S.C. § 1229b(d)(1) (emphasis added). *Pereira* treats this statutory cross-reference as crucial: "the word 'under' provides the glue that bonds the stop-time rule to the substantive time-and-place requirements mandated by § 1229(a)." *Pereira*, 138 S. Ct. at 2117. There is no "glue" to bind § 1229(a) and the jurisdictional regulations: the regulations do not reference § 1229(a), which itself makes no mention of the IJ's jurisdiction. *Pereira*'s definition of a "notice to appear *under section 1229(a)*" does not govern the meaning of "notice to appear" under an unrelated regulatory provision.

In short, *Pereira* simply has no application here. The Court never references 8 C.F.R. §§ 1003.13, 1003.14, or 1003.15, nor does the word "jurisdiction" appear in the majority opinion. This silence is hardly surprising, because the only question was whether the petitioner was eligible for cancellation of removal. *Pereira*, 138 S. Ct. at 2112–13.

The Court's resolution of that "narrow question" cannot be recast into the broad jurisdictional rule Karingithi advocates.

The BIA recently issued a precedential opinion in which it rejected an argument identical to the one advanced by Karingithi. *Bermudez-Cota*, 27 I. & N. Dec. at 442–44. The BIA's interpretations of its regulations are due "substantial deference," and should be upheld "so long as the interpretation sensibly conforms to the purpose and wording of the regulations." *Lezama-Garcia v. Holder*, 666 F.3d 518, 525 (9th Cir. 2011) (internal quotation marks omitted). We therefore defer to the Board's interpretations of ambiguous regulations unless they are "plainly erroneous," "inconsistent with the regulation," or do "not reflect the agency's fair and considered judgment." *Id.* (internal quotation marks omitted). *Bermudez-Cota* easily meets this standard and is consistent with our analysis.

In *Bermudez-Cota,* the Board stated that "a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 447. Regarding the regulations, the Board emphasized that 8 C.F.R. § 1003.14(a) does not "mandate that the [charging] document specify the time and date of the initial hearing before jurisdiction will vest" and that "8 C.F.R. § 1003.15(b) . . . does not mandate that the time and date of the initial hearing must be included in that document." *Id.* at 445. The Board also noted that the regulations only require a notice to appear to include the "time, place and date of the initial removal hearing, *where practicable*." *Id.* at 444 (quoting 8 C.F.R. § 1003.18(b)) (emphasis in original).

The BIA also found *Pereira*'s analysis inapplicable to the Immigration Court's jurisdiction, noting that "the respondent is not seeking cancellation of removal, and the 'stop-time' rule is not at issue, so *Pereira* is distinguishable." *Id.* at 443. The BIA placed significant weight on the fact that, in *Pereira*, "the Court did not purport to invalidate the alien's underlying removal proceedings or suggest that proceedings should be terminated." *Id.*

Recognizing the weakness of her jurisdictional argument, Karingithi urges, in the alternative, that *Pereira* renders her eligible for cancellation of removal. However, cancellation is a new claim that is not part of this petition for review. Karingithi has raised her cancellation claim in a motion to reconsider to the BIA, and she must await its determination. *See Plaza-Ramirez v. Sessions*, 908 F.3d 282, 286 (7th Cir. 2018) (refusing to consider cancellation claim pending before BIA that had not been raised in initial administrative proceeding); *see also Garcia v. Lynch*, 786 F.3d 789, 792–93 (9th Cir. 2015) (noting that we cannot "reach[ ] the merits of a legal claim not presented in administrative proceedings below" (internal quotation marks omitted)).

The bottom line is that the Immigration Court had jurisdiction over Karingithi's removal proceedings. And, as in *Bermudez-Cota*, the hearing notices Karingithi received specified the time and date of her removal proceedings. Thus, we do not decide whether jurisdiction would have vested if she had not received this information in a timely fashion.

**PETITION DENIED.**