**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUANA FELIPE-GASPAR; et al., | No. 18-72962 |
| Petitioners, | Agency Nos. A208-567-100 |
| v. | A208-567-101 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Juana Felipe-Gaspar and her minor son, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to terminate and dismissing their appeal from an immigration judge's

decision denying their applications for asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and we review questions of law de novo, *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that any harm they suffered or fear in Guatemala was or would be on account of a protected ground.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action

for CAT relief).

The BIA did not err in denying petitioners' motion to terminate proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED.**