ALD-141                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2250
_____

CARLOS ALBERTO ERAZO-CABALLERO,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-985-941)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted on Respondent's Motion to Dismiss, in Part for Lack of Jurisdiction, and for
Summary Action in Part Pursuant to Third Circuit L.A.R. 27.4

March 12, 2020
Before: MCKEE, SHWARTZ, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioner Carlos Erazo-Caballero (Erazo) seeks review of an order issued by the Board of Immigration Appeals (BIA) denying his motion to reconsider the denial of his motion to reopen his removal proceedings. The Government has moved to dismiss in part, and summarily deny in part, the petition for review. We will grant the motion. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Erazo is a citizen of Honduras who entered the United States without permission in May 2005, at the age of sixteen, and was placed in the custody of the Office of Refugee Resettlement, Division of Unaccompanied Children Services. The Department of Homeland Security issued a Notice to Appear (NTA) charging him as removable as an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i). The NTA did not contain the date and time of the hearing; however, a subsequent notice of hearing contained the information. Erazo appeared at several hearings before an immigration judge (IJ) and, through counsel, filed pleadings admitting the factual allegations in the NTA and conceding removability.[1] Erazo failed to appear at a scheduled removal hearing in February 2006, and the IJ ordered him removed in absentia.

In 2011, after he was detained by immigration officers, Erazo filed a motion to reopen his removal proceedings. The IJ granted the motion and, after several continuances, determined that Erazo had abandoned all applications for relief and ordered him removed. On appeal, the Board reversed and remanded after determining that his

_____

[1] In August 2005, Erazo bonded out into the custody of his father.

counsel was ineffective for failing to timely file his application for relief. Erazo failed to appear at the removal hearing on remand in October 2014; his counsel indicated that Erazo had not kept in contact with him. For the second time, the IJ ordered Erazo removed in absentia.

Three years later, in 2017, Erazo filed a motion to reopen with the IJ based on changed country conditions. The IJ denied the motion and, in a July 2, 2018 decision, the Board affirmed without opinion. On October 24, 2018, Erazo filed a motion to reconsider with the Board arguing, for the first time, that because the initial NTA did not state a definite time and date to appear, the IJ lacked jurisdiction over the immigration proceedings pursuant to Pereira v. Sessions, 138 S. Ct. 2105, 2113-14 (2018). He also argued, on the same basis, that his motion was entitled to equitable tolling. The Board denied the motion and Erazo filed this timely petition for review. The Government has filed a motion to dismiss the petition in part and to summarily deny in part.[2]

In its motion, the Government argues that the petition should be denied in part because the Board did not abuse its discretion in determining both that the motion for reconsideration was untimely and that there was no basis to warrant equitable tolling. We agree. The motion was filed outside the 30-day period applicable to motions to reconsider. See 8 C.F.R. § 1003.2(b)(2). Even assuming a motion to reconsider is

---

[2] We have jurisdiction to review the BIA's order denying Erazo's motion to reconsider, 8 U.S.C. § 1252(a)(1), and apply an "abuse of discretion [standard], regardless of the underlying basis of [his] request for relief." Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We will not disturb the BIA's decision "unless it is arbitrary, irrational, or contrary to law." Id. (quotation marks and citation omitted).

3

subject to equitable tolling, cf. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (holding that a motion to reopen is subject to equitable tolling), Erazo's argument in support of such relief lacks merit.

The NTA's deficiencies did not deprive the immigration court of jurisdiction. The Government is required to serve aliens in removal proceedings with a written NTA specifying "[t]he time and place at which the [removal] proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). Under the regulations, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court[.]" 8 C.F.R. § 1003.14(a). In Pereira, the Supreme Court held that an NTA that fails to specify the time and place of the proceedings "is not a 'notice to appear under section 1229(a)'" for the purpose of triggering the cancellation-of-removal statute's stop-time rule. 138 S. Ct. at 2113-14. Erazo argued, in reliance on Pereira, that because his NTA was deficient, jurisdiction never vested with the IJ. We have rejected this argument, however, joining every other circuit court which has addressed it in limiting Pereira's holding to the stop-time rule context. See Nkomo v. Att'y Gen., 930 F.3d 129, 133-34 (3d Cir. 2019) (citing cases); accord In re Bermudez-Cota, 27 I & N. Dec. 441, 442-44 (BIA 2018). Accordingly, his claim is unavailing.

Alternatively, Erazo argues that he is eligible for cancellation of removal and, that, therefore, Nkomo is distinguishable. However, he did not file an application for cancellation of removal or argue before the Board that he was eligible for such relief. Because he failed to exhaust this claim before the Board, we lack jurisdiction to consider it. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005); Karingithi v.

4

Whitaker, 913 F.3d 1158, 1162 (9th Cir. 2019) (refusing to consider cancellation of removal claim raised for the first time in the petition for review as an alternative argument to a failed jurisdictional challenge under Pereira).

Based on the foregoing, we grant the Government's motion and will dismiss the petition for review in part and summarily deny it in part.