NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSTOJA KRSTIC,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-71870

Agency No. A079-927-841

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2020
Portland, Oregon

Before:  McKEOWN and PAEZ, Circuit Judges, and HUCK,** District Judge.

Ostoja Krstic petitions for review of the Board of Immigrations Appeals'

("BIA") final order of removal.  Krstic challenges the immigration judge's ("IJ")

and BIA's jurisdiction over his case; the adverse credibility finding; the

determination that he was subject to the persecutor bar, inadmissible, and ineligible

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Paul C. Huck, United States District Judge for the U.S.
District Court for Southern Florida, sitting by designation.

for relief; and the termination of his asylee status. We have jurisdiction under 8 U.S.C. § 1252. "On review from a decision to terminate asylum status, this Court reviews the BIA's factual findings for substantial evidence. Questions of law are reviewed de novo." *Urooj v. Holder*, 734 F.3d 1075, 1077–78 (9th Cir. 2013) (citation omitted). We review adverse credibility determinations for substantial evidence. *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 910 (9th Cir. 2004). We deny the petition for review.

**1.** As an initial matter, the defective notice to appear, which lacked the date and time of the immigration hearing, did not deprive the IJ or BIA of jurisdiction. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1158–59 (9th Cir. 2019) (concluding that the IJ had jurisdiction where "the initial notice to appear d[id] not specify the time and date of the proceedings, but later notices of hearing include[d] that information"). Two days after Krstic was served with the defective notice to appear, he received a hearing notice specifying the date and time of his removal proceedings. Accordingly, we need not decide "whether jurisdiction would have vested if [he] had not received this information in a timely fashion." *Id.* at 1162.

**2.** Substantial evidence supports the adverse credibility determination. Because Krstic filed his first refugee application prior to May 11, 2005, the BIA and IJ properly evaluated his credibility under the pre-REAL ID Act standard. Under that standard, "the IJ must provide specific, cogent reasons for reaching an

2

adverse credibility determination, and minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support it." *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (citation omitted). Krstic's "repeated[] and persistent[] lie[s] under oath with respect to his application for asylum" are sufficient to support the adverse credibility finding. *Martinez v. Holder*, 557 F.3d 1059, 1065 (9th Cir. 2009); *see also Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference.").

**3.** The BIA affirmed the IJ's finding that the government made a threshold showing that Krstic assisted in persecution. We cannot say that the evidence compels a contrary conclusion. "[D]etermining whether a petitioner 'assisted in persecution' requires a particularized evaluation of both personal involvement and purposeful assistance in order to ascertain culpability." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927 (9th Cir. 2006). We apply a burden-shifting approach to determine whether the persecutor bar applies: The government must first make "a threshold showing of particularized evidence of the bar's applicability before placing on the applicant the burden to rebut it." *Budiono v. Lynch*, 837 F.3d 1042, 1048 (9th Cir. 2016). The petitioner retains the ultimate burden, however: "If the evidence indicates that one or more of the grounds for mandatory denial of the

3

application for relief *may* apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d) (emphasis added). Here, the government presented expert testimony and documentary evidence indicating that Krstic assisted in the genocide of Bosnian Muslims. This evidence was sufficient to "indicate[]" that the persecutor bar "may" apply. *Id.* Thus, the BIA properly determined that the burden shifted to Krstic to disprove the applicability of the bar.

**4.** Substantial evidence supports the BIA's determination that Krstic failed to rebut the evidence when the burden shifted to him: Krstic's discredited testimony and other evidence was not sufficient to show by a preponderance of the evidence that the persecutor bar did not apply. Nor does Krstic demonstrate extenuating circumstances "so coercive that, on a totality of circumstances analysis, [he] cannot be said to have 'assisted or otherwise participated in' persecution he was forced to inflict[.]" *Miranda Alvarado*, 449 F.3d at 929. Thus, the BIA did not err in affirming Krstic's inadmissibility, *see* 8 U.S.C. §§ 1182(a)(3)(E)(ii)–(iii), 1227(a)(4)(D), or in affirming the applicability of the persecutor bar, which precludes him from relief. *See id.* §§ 1158(b)(2)(A)(i), 1231(b)(3)(B). Accordingly, we conclude that the denial of asylum and withholding of removal is supported by substantial evidence.

**5.** Finally, we find no error in the BIA's determination that the IJ properly

4

terminated Krstic's asylee status. The attorney general may terminate a grant of asylum made to an individual subject to the persecutor bar. *See id.* §§ 1158(b)(2)(A)(i), (c)(2)(B). To terminate a grant of asylum, the IJ must find that the government established by a preponderance of the evidence "a showing of fraud in the alien's application such that he or she was not eligible for asylum at the time it was granted[.]" 8 C.F.R. § 1208.24(a)(1), (f). Kristic does not dispute the fraud. As to prior asylum eligibility, substantial evidence supports the determination that Krstic's involvement with the Army of the Republika Srpska ("VRS") likely would have barred him (and, indeed, now does bar him) from asylum eligibility. Moreover, as the IJ found, there is no credible record evidence supporting the events underlying Krstic's original asylum claim.

**PETITION FOR REVIEW DENIED.**