NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR HUMBERTO PADILLA MOREIRA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 19-72294<br><br>Agency No. A216-627-309<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,[***] District Judge.

Petitioner Cesar Humberto Padilla Moreira, a native and citizen of

Honduras, entered the United States and applied for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied all relief and entered an order of removal against Padilla. The Board of Immigration Appeals (BIA) affirmed the IJ's denial. The BIA also rejected Padilla's argument, raised in the alternative, that jurisdiction never vested with the immigration court. We review the BIA's rulings of law de novo and its factual findings for substantial evidence. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1.  To establish his eligibility for either asylum or withholding of removal, Padilla claimed he was threatened and persecuted on the basis of his membership in a particular social group. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i); 8 C.F.R. § 1208.16(b). To receive relief on this basis, an applicant must demonstrate that the proposed social group is: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Rios v. Lynch*, 807 F.3d 1123, 1127–28 (9th Cir. 2015).

The IJ determined, and the BIA agreed, that Padilla's proposed social group—"young Honduran males suffering from severe chronic mental illness or disability"—fails because Padilla did not demonstrate that Honduran society views

2                                                                    19-72294

his proposed group as socially distinct. Substantial evidence supports that determination. We lack jurisdiction to consider Padilla's efforts to reframe "young" as a question of mental development rather than age because he failed to raise this argument before the BIA.

2. To be entitled to protection under CAT, Padilla must demonstrate a likelihood that upon his return to Honduras he will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1). "CAT relief is forward-looking"—proof of past torture is not enough to obtain relief unless there is sufficient evidence the applicant is more likely than not to be tortured again. *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

Although the IJ found that Honduran gangs committed acts of violence against Padilla that "arguably rises to the level of torture," the IJ found no evidence that the Honduran government committed, instigated, consented to, or acquiesced in any of Padilla's mistreatment. The IJ further determined that Padilla failed to show an individualized risk of future torture by gangs beyond the risk posed to all

19-72294

Honduran citizens. The BIA affirmed the IJ's ruling.

Substantial evidence supports the BIA's denial of CAT protection. Padilla, due to memory loss issues, did not testify at his removal hearing. His only witness—a family friend—testified that she was unaware how the police responded when Padilla's family reported that gangs had threatened and committed acts of violence against Padilla. No evidence showed that the Honduran government acquiesced in or consented to Padilla being tortured by gangs.

Moreover, substantial evidence supported the BIA's determination that Padilla failed to demonstrate an individualized risk of torture upon returning to his home country. Padilla provided evidence indicating that gang violence is a widespread problem in Honduras. But a generalized risk of gang violence that applies to all Honduran citizens is insufficient to show that Padilla faces an individualized risk of torture if he returns to Honduras. *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008); *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

3.  Padilla argues, in the alternative, that jurisdiction never vested with the immigration court because the Notice to Appear served on him omitted the time, date, and location of the removal hearing, even though the immigration court later provided that information to Padilla and his attorney in a Notice of Hearing. Padilla's argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1158,

19-72294

1162 (9th Cir. 2019) and *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

Padilla's motion for stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED.**