**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARTEM ANATOLYEVICH VOVK,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72509
         19-71118

Agency No. A094-547-335

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2020[**]
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

In Appeal No. 17-72509, Petitioner Artem Anatolyevich Vovk ("Vovk")

petitions for review of the Board of Immigration Appeals ("BIA") 2017 order

denying his application for deferral of removal under the Convention Against

Torture ("CAT").  In Appeal No. 19-71118, Vovk petitions for review of the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

order denying his motion for reconsideration, which sought to terminate his immigration proceedings in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). We deny both petitions.

Substantial evidence supports the agency's denial of Vovk's CAT claim. The immigration judge sufficiently considered the documentary evidence and witness testimony regarding country conditions in Ukraine. Although Vovk may have suffered anti-Semitic discrimination in the past, he suffered no harm rising to the level of "torture" as defined under CAT. 8 C.F.R. § 1208.18(a)(1); *see Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007). Nor did the documentary evidence demonstrate any significant recent occurrence of anti-Semitic violence in the country, especially since President Poroshenko took power in 2014. Vovk did not bear his burden of showing it was more probable than not he would face torture by or with the acquiescence of an official or someone acting in an official capacity if returned to the Ukraine. *See Singh v. Whitaker*, 914 F.3d 654, 662–63 (9th Cir. 2019).

The BIA also did not err in denying Vovk's motion to reconsider and terminate under *Pereira*. Vovk argued that the immigration court lacked jurisdiction over his proceedings because his initial Notice to Appear did not designate the date and time of his hearing. Vovk's argument has since been foreclosed by this court's

precedent in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020).[1]

**PETITIONS DENIED.**

---

[1] Respondent's Motion for Summary Disposition in Lieu of Answering Brief [Dkt. Entry #35] is denied as moot.