**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30182 |
| Plaintiff-Appellant, | D.C. No. 4:19-cr—06011-SMJ-1 |
| v. | |
| ISIDRO MUNIZ-SANCHEZ, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, District Judge, Presiding

Argued and Submitted December 7, 2020
San Francisco, California

Before: BOGGS,[**] M. SMITH, and BENNETT, Circuit Judges

The United States challenges the district court's dismissal of an indictment

charging Isidro Muniz-Sanchez with illegal reentry after removal, in violation of 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

U.S.C. § 1326. Applying the holding of our published opinion in *United States v. Bastide-Hernandez*, No. 19-30006, (9th Cir. Feb. 2, 2021), https://cdn.ca9.uscourts.gov/datastore/opinions/2021/02/02/19-30006.pdf, as well as Ninth Circuit precedent subsequent to the district court's decision, we reverse.

Muniz-Sanchez, born in 1978, is a citizen of Mexico who came to the United States at age 19. He has had extensive interaction with United States immigration authorities. As relevant here, Muniz-Sanchez was apprehended on June 29, 2003, trying to reenter the United States illegally and sent to a detention facility in El Centro, California. On June 30, 2003, Muniz-Sanchez was served with a Notice to Appear ("NTA") for removal proceedings. The NTA did not list the time or date of a hearing but listed the location as El Centro, California. On July 3, 2003, a subsequent curative Notice of Hearing ("NOH") provided the time and date, and again listed the location of the hearing as El Centro.[1] Muniz-Sanchez appeared at the hearing and was ordered removed the same day, July 7, 2003.

On February 20, 2019, Muniz-Sanchez was charged with illegal reentry into the United States, in violation of 8 U.S.C. § 1326. Muniz-Sanchez argued that the

---

[1] In 2003, two immigration courts were located in Imperial County, California, one in the county seat of El Centro at the El Centro Detention Facility, the other in the city of Imperial. They were only 2.4 miles apart. The district court may have erroneously concluded that the NTA and NOH listed two different locations for the hearing, El Centro (NTA) and Imperial (NOH). However, the record reflects that El Centro was the location listed on both the NTA and the NOH.

underlying 2003 removal order was invalid because the NTA did not confer jurisdiction on the immigration court, as it lacked necessary time, date, and location information. The court considered *Karingithi v. Whittaker*, 913 F.3d 1158 (9th Cir. 2019), and recognized that NTA date and time deficiencies can be and were cured. *United States v. Muniz-Sanchez*, 388 F. Supp. 3d 1284, 1287 (E.D. Wash. 2019). Nevertheless, the district court dismissed the indictment because it believed that the NTA did not list the location of the immigration court where the NTA was ultimately filed, in violation of 8 C.F.R. § 1003.15(b)(6). *Id.* at 1288. It held that the perceived discrepancy deprived the immigration court of jurisdiction.

But the opinion was issued before *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020), which specifically held that location information as well as date and time information in a defective NTA can be cured by a subsequent NOH. *Id*. at 895. If there were any location deficiency in the 2003 NTA served on Muniz-Sanchez, it was cured by the subsequent NOH which listed the correct location of the hearing. The hearing was held in the location listed on the NOH. Muniz-Sanchez appeared at that location and was present at the hearing. Under *Aguilar Fermin*, any NTA location defect was curable and does not affect immigration court jurisdiction.

In addition, as held in *Bastide-Hernandez*, the immigration court had jurisdiction once the NTA was filed there, even if the NTA had defects. Any such

defects can be addressed by collateral attack if the prerequisites of 8 U.S.C. § 1326(d) are met. *Bastide-Hernandez*, slip op. at 8-10.

The district court is REVERSED, and the case REMANDED.