**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30160 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00137-RSM-1 |
| v. | |
| JOSE MARCELINO BATRES-LANDAVERDE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Jose Marcelino Batres-Landaverde appeals from the district court's order denying his motion to dismiss the indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Batres-Landaverde argues that the district court erred in denying his motion to dismiss because the removal order supporting his § 1326 charge is invalid. Specifically, he contends that the immigration court lacked jurisdiction over his removal proceedings because the Notice to Appear ("NTA") failed to include the date and time of his removal hearing. Although the NTA failed to include this information, Batres-Landaverde was served with a notice before his hearing that included this information, and he appeared as ordered. As Batres-Landaverde concedes, his jurisdictional argument is foreclosed. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir.) ("the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case"), *cert. denied*, 141 S. Ct. 664 (2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

Batres-Landaverde also argues that, to the extent 8 U.S.C. § 1229 is ambiguous as to what must be included in an NTA to confer jurisdiction, we must apply the rule of lenity and find that the statute requires that the time and place be included. Even assuming the rule of lenity applied, this argument fails because § 1229(a) does not determine when jurisdiction vests. *See Karingithi*, 913 F.3d at 1160 ("[T]he regulations, not § 1229(a), define when jurisdiction vests.").

Because Batres-Landaverde's jurisdictional argument fails, we need not decide whether he was required to exhaust it under § 1326(d)(1).

**AFFIRMED**.

19-30160