NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORAIMA YARITZA SANCHEZ NUNEZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71526 <br><br> Agency No. A207-176-568 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2021**
San Francisco, California

Before:  WATFORD and HURWITZ, Circuit Judges, and BAKER,*** International Trade Judge.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Coraima Yaritza Sanchez Nunez, a citizen of Mexico, seeks review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

## I.

Sanchez Nunez argues that the absence of time, date, and location information in her notice to appear forecloses agency jurisdiction. However, Sanchez Nunez later received a notice of hearing, and then two amended notices of hearing, each specifying the time, date, and location of the hearing, which she attended. Her claim therefore fails under our precedents. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019).

The Supreme Court's recent decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), does not change the outcome. That case involved application of the stop-time rule in 8 U.S.C. § 1229b, not whether the agency had jurisdiction to proceed with removal proceedings. *See id.* at 1480–81.

## II.

Sanchez Nunez also challenges the BIA's finding that her conviction under California law for driving under the influence with a blood alcohol content in excess

of 0.08 percent and causing bodily injury to another was a particularly serious crime precluding asylum and withholding of removal.

**A.**

Sanchez Nunez's argument that her DUI conviction is not a particularly serious crime rests on the panel opinion in *Delgado v. Holder*, 563 F.3d 863 (9th Cir. 2009). However, we vacated the panel opinion after voting to rehear *Delgado* en banc. *Delgado v. Holder*, 621 F.3d 957 (9th Cir. 2010). In our en banc opinion, we adopted the analysis of *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), which allows the BIA to examine whether "the nature of the conviction, the underlying facts and circumstances[,] and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc); *see also Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015) (upholding the BIA's finding that a conviction for DUI that resulted in bodily injury to another was a particularly serious crime).

In this case, the BIA noted that Sanchez Nunez was driving under the influence with an extremely high BAC in excess of 0.20, that she caused an accident resulting in injuries to others that required medical attention, and that she was sentenced to 180 days in jail and three years of probation. Those are the factors *Frentescu* directs the BIA to consider. "We cannot overturn this conclusion without

reweighing the *Frentescu* factors, which we lack jurisdiction to do." *Avendano-Hernandez*, 800 F.3d at 1078 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).

**B.**

Sanchez Nunez also contends the BIA's decision was based on "a falsehood of facts," because the BIA stated that four persons were injured in the accident while the evidence showed that only two (Sanchez Nunez's passenger and the driver of the other car) required immediate treatment. But even assuming that the BIA misstated the number of other individuals injured, it is undisputed that at least two people were injured in the crash and transported to hospitals for treatment. The BIA's conclusion that the crime, which plainly caused bodily injuries to others, was a particularly serious crime is therefore supported by substantial evidence.

**III.**

To qualify for relief under the Convention Against Torture, Sanchez Nunez was required to establish that she would more likely than not be tortured if removed to Mexico by, or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citing 8 C.F.R. § 208.16(c)(2)). The BIA upheld the IJ's decision because "read as a whole [it] indicates that the Immigration Judge considered all relevant evidence in assessing the aggregate risk of torture to the

4

respondent," finding "no clear error in the Immigration Judge's predictive findings, and no legal error in the Immigration Judge's application of the law to these factual findings." "Where, as here, the BIA does not expressly state that it conducted *de novo* review and its order indicates it gave the IJ's decision significant weight, we will review the IJ's decision as a guide to what lay behind the BIA's conclusion." *Plancarte v. Garland*, --- F.4th ---, 2021 WL 3700406, at \*7 (9th Cir. Aug. 20, 2021) (cleaned up).

The IJ's decision was supported by substantial evidence in the record and was not based on any legal error. The IJ noted that there was no evidence that Sanchez Nunez had suffered past harm or torture and that she could offer no reason why anyone would target her for torture if returned to Mexico. The IJ noted that Sanchez Nunez feared general crime and violence in Mexico and specifically in a small town in one state where a local cartel had harassed her relatives. The IJ found insufficient evidence to establish any particularized risk to Sanchez Nunez, much less to establish that the government of Mexico would either harm her or consent or acquiesce in torture. Finally, the IJ took note of the ample country condition evidence demonstrating that violence against women is a problem in Mexico and that cartel violence is a burden on law enforcement but found that this evidence did not satisfy Sanchez Nunez's "burden of establishing that it is more likely than not that she would be targeted for such treatment."

Sanchez Nunez argues that the IJ should have found the country evidence more persuasive. But we cannot reweigh the evidence. Because the record does not compel a conclusion on the Convention Against Torture issue contrary to that reached by the agency, we must defer to its findings.

**PETITION DENIED.**