NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZENON GARCIA LUIS,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 15-72504<br><br>Agency No. A201-236-516<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2022[**]
San Francisco, California

Before: S.R. THOMAS and BENNETT, Circuit Judges, and LASNIK,[***] District Judge.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Petitioner Zenon Garcia Luis, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an Immigration Judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review legal questions de novo, and the agency's factual findings for substantial evidence. *Singh v. Garland*, 48 F.4th 1059, 1066 (9th Cir. 2022). We deny the petition.

The record supports the agency's conclusion that petitioner established neither past persecution nor a likelihood of future persecution.[1] Petitioner argues that the limited economic opportunities available to him and other indigenous Mayans in Guatemala constitute persecution. While "substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution," *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006), "mere economic disadvantage alone does not rise to the level of persecution," *Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004). Petitioner describes being forced to leave school at a young age to work, his family's experience traveling long distances for employment only to be cheated out of their full wages, and a general lack of

---

[1] Because we would find a lack of past persecution even under de novo review, we need not decide whether we apply de novo or substantial evidence review to the BIA's determination that Petitioners failed to establish past persecution. *See Singh*, 48 F.4th at 1066–67 (noting an intra-circuit split on the appropriate standard of review that applies to whether particular facts rise to the level of past persecution).

investment in his community.[2] This falls short of what this Court has required to show persecution on the basis of economic deprivation. *See, e.g., Baballah v. Ashcroft*, 367 F.3d 1067, 1075 (9th Cir. 2004) (finding persecution where applicant was individually targeted, harassed, and attacked by Israeli Marines who "made it virtually impossible for [petitioner] to earn a living"). Petitioner's claim is further undermined by evidence that the majority of his family continues to live and work in his hometown without incident. *See Gormley*, 364 F.3d at 1178–79.[3]

Substantial evidence supports the agency's denial of CAT relief as Garcia Luis failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. None of

---

[2] To the extent petitioner relies on the attack on his father to demonstrate past persecution, that evidence does not change the outcome here. While "harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution," *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009), "this violence [must] create a pattern of persecution closely tied to the petitioner," *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). "Allegations of isolated violence are not enough." *Id.* Furthermore, there is no evidence that the attack was motivated by petitioner's father's work with the local indigenous group.

[3] While not raised by petitioner, the Court notes that because the IJ and BIA's orders predated *Barajas-Romero v. Lynch*, the incorrect "one central reason" standard was used to analyze nexus, rather than the less demanding "a reason" standard. However, the withholding conclusion is unaffected by the changed standard as the agency found Garcia Luis "did not suffer persecution in Guatemala." Thus, remand is unnecessary. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (no remand required, despite asserted *Barajas-Romero* error, where "neither the result nor the BIA's basic reasoning would change" under the correct standard, and therefore any error was harmless).

petitioner's claimed sources of torture – economic discrimination against indigenous communities nor potential torture by gang members or government forces – are sufficient to meet his burden here. *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (explaining that torture is necessarily "more severe" than persecution); *Wakkary*, 558 F.3d at 1067–68 (explaining that even where torture occurs in the relevant country, applicant must show an individualized risk of torture). We reject as unsupported by the record petitioner's claims that the agency adopted an overly strict definition of torture and that both the agency and IJ failed to give due weight to the country conditions information provided by petitioner.

Finally, Garcia Luis's request for remand or termination of proceedings [Dkt. # 21] is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019) (rejecting contention that lack of hearing information in notice to appear deprived immigration court of jurisdiction and instructing petitioner wishing to present a cancellation of removal application to reopen proceedings with the BIA).

**PETITION DENIED.**