NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 7 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMILIO DE JESUS REVOLORIO-MONTENEGRO,<br><br>                Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                Respondent. | No.   16-73951<br>       19-71785<br><br>Agency No. A095-743-798<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024[**]
San Francisco, California

Before: GOULD, SUNG, and DE ALBA, Circuit Judges.

Emilio De Jesus Revolorio-Montenegro, a native and citizen of Guatemala, petitions for review of two Board of Immigration Appeals ("BIA") orders denying his motions to reopen an *in absentia* removal order and removal proceedings. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

COA

have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion. *Tadevosyan v. Holder*, 743 F.3d 1250, 1252 (9th Cir. 2014). Where the BIA affirmed the Immigration Judge's decision and added its own reasoning, we review both decisions. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the legal determinations *de novo* and the factual determinations for substantial evidence. *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023). We deny the petition for review.

1. With respect to the earlier-filed motion to reopen, Revolorio's brief does not advance any legal arguments concerning the agency's conclusions that he received notice of the hearing, that he did not show that the 180-day exceptional circumstances deadline should be equitably tolled, or that he failed to establish material changed circumstances to support an asylum application. We deem any argument with respect to these issues waived. *Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (arguments not raised in a petition are waived); *see also Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (finding issues raised but not supported by argument in a pro se petitioner's brief waived). Because these issues are dispositive, we deny the petition for review with respect to this motion.

2. With respect to the second motion, the BIA did not err in determining that the motion was not timely filed and that no exceptions to, or tolling of, the

filing deadline applied. Revolorio argues that *Pereira v. Sessions*, 585 U.S. 198 (2018), constitutes an intervening change of law that makes clear the Immigration Judge did not have jurisdiction to issue an order of removal and entitles him to equitable tolling. But the BIA correctly held that *Pereira* concerns the stop-time rule for cancellation of removal and does not address the immigration court's jurisdiction. *See Pereira*, 585 U.S. at 208–09; *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019) ("*Pereira* was not in any way concerned with the Immigration Court's jurisdiction."). Revolorio is not entitled to equitable tolling based on a change in the law because *Pereira* does not apply to his case.

**PETITION DENIED.**