NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH ANDREA GUARDADO-DE CARRANZA; FRANCISCO ANDRES CARRANZA-GUARDADO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 18-70351 <br><br> Agency Nos. A208-164-673 <br> A208-164-674 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred December 23, 2025
Re-Submitted March 25, 2026**
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Petitioner Ruth Andrea Guardado-De Carranza and her minor son, natives

and citizens of El Salvador, petition for review of a decision of the Board of

Immigration Appeals (the "Board") dismissing her appeal of an immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's order denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[2]

1.  Substantial evidence supports the Board's conclusion that Petitioner did not suffer past persecution. *See Urias-Orellana v. Bondi*, No. 24-777, 2026 WL 598435, at *2 (U.S. Mar. 4, 2026) (standard of review). To qualify for asylum based on past persecution, Petitioner bears the burden of showing, among other things, that her treatment in El Salvador rose "to the level of persecution." *Flores Molina v. Garland*, 37 F.4th 626, 633 (9th Cir. 2022) (citation omitted). Although Petitioner received threatening phone calls over an extended period and was briefly detained at gunpoint in her car, she did not suffer physical harm at any point and ultimately regained possession of her car. "We have repeatedly denied petitions for review" where, as here, "the record [does] not demonstrate significant physical harm." *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021); *see id.* at 1062 ("We similarly denied petitions when the periods of detention . . . were short, or brief, and the petitioner sustained no injuries." (citation modified)). Accordingly,

---

[1] Petitioner's challenge to the Immigration Court's subject-matter jurisdiction is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).
[2] Guardado's minor son is a derivative beneficiary of her application. He is also a petitioner in this case. Because Guardado's and her son's claims are based on the same facts, and the Board's findings and legal analysis are applicable to both petitioners' claims, our discussion of Guardado's claims likewise applies to her son's claims.

while Petitioner's experiences were unfortunate, the record does not compel a finding of past persecution.

2.   Substantial evidence also supports the Board's determination that Petitioner did not establish an objectively well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). Petitioner offered only ambiguous answers when asked why the gang would continue to target her. Additionally, Petitioner testified that her father-in-law, who fled to the United States due to the same events, returned to El Salvador and, to her knowledge, has not been harmed since returning. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). Substantial evidence thus supports the Board's denial of asylum and withholding of removal. *See Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (stating requirements for withholding of removal).

3.   Finally, substantial evidence supports the Board's conclusion that Petitioner is not eligible for CAT relief. For the same reasons discussed above, Petitioner did not establish that it is "more likely than not" that she would be tortured if removed to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2); *Tamang*, 598 F.3d at 1095.

**PETITION DENIED.**[3]

---

[3] The motion for stay of removal (Dkt. No. 1) is DENIED. The temporary stay of removal remains in place until the mandate issues.