NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN BARCENAS, AKA Juan Barcenas-Lara,<br><br>                  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                  Respondent. | No.   17-72624<br><br>Agency No. A075-719-507<br><br>MEMORANDUM* |
| JUAN BARCENAS-LARA, AKA Juan Lara Barcenas,<br><br>                  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                  Respondent. | No.   18-70164<br><br>Agency No. A075-719-507 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 13, 2020
Pasadena, California

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and VANDYKE, Circuit Judges, and CHOE-GROVES,[**] Judge.

Juan Barcenas-Lara (Barcenas), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) (1) denial of his motion to reconsider its prior order dismissing Barcenas's appeal of the Immigration Judge's (IJ) denial of his motion to reopen his 2001 *in abstentia* removal proceedings and (2) affirmance of the IJ's 2017 denial of his application for withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

1.      The Immigration Court properly exercised jurisdiction in Barcenas's 2001 removal proceedings. "A notice to appear need not include time and date information" for jurisdiction to vest in the Immigration Court. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), is not controlling because "the Immigration Court's jurisdiction does not hinge on [8 U.S.C.] § 1229a." *Karingithi*, 913 F.3d at 1159.

2.      The BIA properly denied Barcenas's January 12, 2017, motion to reopen his 2001 removal proceedings as untimely. Barcenas filed his motion to reopen over 15 years after the *in abstentia* order issued, when the regulations state

[**]      The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

2

it must be "filed within 180 days after the date of the order of removal."  8 U.S.C. § 1229a(b)(5)(C)(i).

3.	The BIA properly denied Barcenas's June 27, 2017, motion to reopen (labeled a "motion to reconsider") as both time- and number-barred.  Not only was the motion untimely, but it contravened the rule that an alien subject to an *in abstentia* removal order "may file only one motion" to reopen.  8 C.F.R. § 1003.23(b)(4)(ii).  Neither of Barcenas's motions provided sufficient grounds for equitably tolling these time or number limitations.

4.	Substantial evidence supports the BIA's denial of Barcenas's claim for withholding of removal.  Moreover, the BIA properly rejected the particular social group of "returning migrants subject to police corruption."  This proposed social group is "too amorphous, overbroad[] and diffuse" to satisfy the particularity requirement.  *Reyes v. Lynch*, 842 F.3d 1125, 1139 (9th Cir. 2016) (rejecting the social group of "deportees from the United States to El Salvador" on similar grounds).  Moreover, solely incorporating the purported persecution into this otherwise non-cognizable social group does not remedy this underlying defect. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1081–82 (9th Cir. 2020).

5.	As to the BIA's denial of CAT relief, substantial evidence supports its determination that Barcenas failed to demonstrate past torture and thus did not "prove that he 'more likely than not' would be tortured if he returned home."

*Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019); *see also Ahmed v. Keisler*, 504 F.3d 1183, 1195, 1201 (9th Cir. 2007) (failure to establish likelihood of future torture where the applicant was previously "taken into custody and beaten on four occasions" and where the country conditions report "state[d] that police corruption and abuse is rampant").

**PETITIONS DENIED.**