**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR CHAVEZ-GONZALEZ,
AKA Salvador Chavez Salvador, AKA
Salvador Gonzalez Chavez,

No.   19-71654

Agency No. A209-406-617

Petitioner,

MEMORANDUM*

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2020**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,*** District
Judge.

Salvador Chavez-Gonzalez, a native and citizen of Mexico, petitions for

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and his motion for a continuance of his merits hearing to pursue adjustment of status. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. We do not disturb the agency's determination that Chavez-Gonzalez is ineligible for asylum or withholding of removal. The IJ concluded that Chavez-Gonzalez's asylum application was time-barred, and the BIA affirmed that conclusion—noting that he had failed to challenge it on appeal. In his petition for review to this court, Chavez-Gonzalez again fails to challenge the application of the time bar to his asylum claim.

The IJ also found, and the BIA affirmed, that Chavez-Gonzalez's conviction for accessory after the fact to murder under California Penal Code ("CPC") § 32 constituted a particularly serious crime rendering him ineligible for withholding of removal. *See Delgado v. Holder*, 648 F.3d 1095, 1101–07 (9th Cir. 2011) (en banc). Reviewing for abuse of discretion, *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014), we uphold the agency's particularly-serious-crime finding.

The IJ and the BIA properly considered "the nature of the conviction, the underlying facts and circumstances and the sentence imposed," *Delgado*, 648 F.3d at 1107, and reasonably interpreted the record to find that the offense was so grave

2

and his actions so reprehensible as to constitute a particularly serious crime. As the IJ summarized, "[t]he bottom line is that three people were shot in cold blood, while the respondent did nothing but help the murderer escape justice," and "[t]hat is a particularly serious crime." Although Chavez-Gonzalez advances a more innocuous reading of the record, the agency was not required to accept his proffered narrative.

2. Reviewing for substantial evidence, *Owino v. Holder*, 771 F.3d 527, 531 (9th Cir. 2014), we conclude that the BIA did not err in denying Chavez-Gonzalez CAT protection. On substantial evidence review, "[e]ven if we might have reached a conclusion different from that reached by the BIA, we may not reverse unless we determine that any reasonable factfinder would have been compelled to reach that conclusion." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). In light of the absence of past torture of Chavez-Gonzalez in Mexico and the apparent staleness of the cartel's interest in targeting him for retribution, substantial evidence supports the agency's determination that Chavez-Gonzalez did not meet his burden to show he would more likely than not be subjected to torture if he were removed to Mexico. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

3. We decline to disturb the agency's denial of Chavez-Gonzalez's motion for a continuance to pursue adjustment of status. The agency detailed several

3

alternative bases for denying the requested continuance, but Chavez-Gonzalez has presented a substantive challenge to only one of those bases. The agency made clear that, even if it perceived Chavez-Gonzalez as admissible and eligible for adjustment of status, it would have denied the continuance nonetheless. Because the agency analyzed in the alternative whether Chavez-Gonzalez "would be deserving of a favorable exercise of discretion" as a predicate to adjustment of status, assuming he *were* eligible for such relief, and concluded after weighing the equities that he would not, and because Chavez-Gonzalez failed to challenge that determination either in his appeal to the BIA or in his petition for review to this court, the agency's denial stands.

4. Finally, we reject Chavez-Gonzalez's jurisdictional challenge. Our decisions in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95, 895 n.4 (9th Cir. 2020), foreclose Chavez-Gonzalez's argument that the absence of time, date, and place information in his original Notice to Appear prevented jurisdiction from vesting in the immigration court.

5. Chavez-Gonzalez's motion to stay removal (Docket Entry No. 1) is denied as moot. The temporary stay of removal will expire upon issuance of the mandate.

**PETITION DENIED.**

4