**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50024 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00019-DMS-1 |
| v. | |
| FELIPE AMBRIZ-VALDOVINOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 7, 2020[**]
San Francisco, California

Before:  BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

Felipe Ambriz-Valdovinos appeals his conviction and sentence for illegal

reentry after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under 28 U.S.C. § 1291 and affirm.

1.     Ambriz-Valdovinos argues that the district court erred in denying his motion to dismiss because the removal order supporting his § 1326 conviction is invalid.  He contends that the immigration court lacked jurisdiction over his removal proceedings because the notice to appear ("NTA") failed to include the time, date, and place of his removal hearing.

This argument is foreclosed by binding precedent.  *See Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) ("[A]n initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing"), *cert. denied,* No. 20-53, 2020 WL 6385795 (Nov. 2, 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019) ("A notice to appear need not include time and date information to satisfy [the regulatory jurisdictional requirements].").  Ambriz-Valdovinos believes that *Karingithi* was wrongly decided.  But as a three-judge panel we are bound by *Karingithi* and *Aguilar Fermin.  See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003).

Because Ambriz-Valdovinos's jurisdictional argument fails, we need not decide whether he needed to exhaust it under § 1326(d)(1).

2.     Ambriz-Valdovinos argues that there was insufficient evidence to support that he was free from official restraint, a necessary element of his § 1326

offense.  *See United States v. Bello-Bahena*, 411 F.3d 1083, 1087 (9th Cir. 2005).

In *Bello-Bahena*, we rejected a sufficiency-of-the-evidence challenge involving similar circumstances.  *Id.* at 1088.  There, an agent observed the defendant about a mile north of the border, at a time when visibility was presumably poor, and there was no evidence on whether the defendant had been under constant surveillance from the time he entered the United States until the agent first observed him.  *See id.*  We held that "[v]iewing the evidence in the light most favorable to the government, . . . a rational jury could have found beyond a reasonable doubt that [the defendant] was free from official restraint for at least some time before his apprehension."  *Id.*

We see no material difference between the facts that supported our decision in *Bello-Bahena* and the facts here.  Thus, viewing the evidence in the light most favorable to the government, there was sufficient evidence supporting that Ambriz-Valdovinos was "free from official restraint for at least some time before his apprehension."  *Id.*

3.      Ambriz-Valdovinos, relying on *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), argues that § 1326 is unconstitutional because it relies on the definition of "alien," which impermissibly classifies on the basis of gender.  In *United States v. Mayea-Pulido*, 946 F.3d 1055 (9th Cir. 2020), we considered and rejected this argument.  *See id.* at 1066 n.10 (rejecting the argument "that, by

3

invalidating the citizenship statute at 8 U.S.C. § 1409(c), *Morales-Santana* invalidated the entire definition of 'alienage[,]'" and holding that "[§] 1326 remains intact after *Morales-Santana*"). Thus, Ambriz-Valdovinos's argument is foreclosed by *Mayea-Pulido*.

4. Ambriz-Valdovinos argues that his seventy-eight month sentence violates the Sixth Amendment because the district court considered a prior conviction, which was neither alleged in the information nor proven beyond a reasonable doubt to a jury, to increase the two-year statutory maximum sentence. Although Ambriz-Valdovinos concedes that this argument was rejected in *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998), he contends that *United States v. Haymond*, 139 S. Ct. 2369 (2019), "comes so close" to overruling *Almendarez-Torres*.

His argument is unpersuasive because the plurality in *Haymond* recognized that its decision did not implicate *Almendarez-Torres*. *See Haymond*, 139 S. Ct. at 2377 n.3 (noting that the plurality decision leaves undisturbed the exception in *Almendarez-Torres* that "[p]rosecutors need not prove to a jury the fact of a defendant's prior conviction"). Thus, *Almendarez-Torres* remains good law, and Ambriz-Valdovinos's argument fails.

**AFFIRMED.**