**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO SANCHEZ LEYVA, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | Nos.  18-70913 <br> 19-71230 <br><br> Agency No. A090-219-765 <br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted December 2, 2020**

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Marco Antonio Sanchez Leyva, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal (petition No. 18-70193) and the BIA's order denying his

motions to reconsider and reopen (petition No. 19-71230).  Our jurisdiction is

_____

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen or a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). In petition No. 18-70913, we dismiss in part and deny in part the petition for review. In petition No. 19-71230, we deny the petition for review.

As to petition No. 18-70913, we lack jurisdiction to review the IJ's discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i). Sanchez Leyva's contention that the IJ violated his right to due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, we dismiss in part and deny in part the petition for review.

As to petition No. 19-71230, the BIA did not abuse its discretion in denying Sanchez Leyva's motion to reconsider and terminate, where his contentions that the IJ lacked jurisdiction over his proceedings are foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1159 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

The BIA did not abuse its discretion in denying Sanchez Leyva's motion to reopen proceedings to reassess his eligibility for cancellation of removal, where Sanchez Leyva did not establish that he would be entitled to a grant of relief. *See*

*Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA may deny a motion to reopen for "failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." (internal quotation marks and citation omitted)).  Further, the BIA did not abuse its discretion in denying Sanchez Leyva's motion to reopen to apply for asylum and related relief, where Sanchez Leyva did not introduce previously unavailable, material evidence.  *See id.*

Sanchez Leyva's contention that the BIA's denial of his motions violated his right to due process fails.  *See Lata*, 204 F.3d at 1246.

Thus, we deny the petition for review.

As stated in the court's May 20, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**No. 18-70913: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**No. 19-71230: PETITION FOR REVIEW DENIED.**