**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELEAZAR PEREZ, AKA Perez Aquino, | Nos. 18-70595 |
| Petitioner, | 18-72781 |
| | Agency No. A208-836-681 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Eleazar Perez, a native and citizen of Mexico, seeks review of a decision of

the Board of Immigration Appeals (BIA) affirming the decision of an Immigration

Judge (IJ) to deny Perez's application for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture (CAT). Perez also seeks review of the decision of the BIA to deny Perez's motion to reopen and terminate proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny both petitions for review.

The lack of a date and time for a hearing on Perez's notice to appear did not deprive the immigration court of jurisdiction, because Perez did not contest that he later received a notice of hearing and Perez attended his initial and subsequent immigration hearings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). Perez's argument that *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), superseded *Karingithi* is misplaced, because we are bound by subsequent decisions that continue to apply *Karingithi*. *See United States v. Bastide-Hernandez*, 986 F.3d 1245, 1247–48 (9th Cir. 2021); *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020); *see also Silva v. Barr*, 965 F.3d 724, 735 (9th Cir. 2020).

Two independent statutory bars render Perez ineligible for asylum. First, Perez's 2017 asylum application is untimely, because Perez failed to file it within one year of his 1992 arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Perez's unawareness of asylum relief, letters from former neighbors in Mexico, and recent contact from his father do not materially affect Perez's eligibility for asylum or excuse his delay in filing a timely application, and therefore Perez failed

to demonstrate the existence of changed or extraordinary circumstances that would allow the agency to consider his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i); *Al Ramahi v. Holder*, 725 F.3d 1133, 1135 (9th Cir. 2013).

Second, Perez waived any challenge to the IJ's determination that Perez's conviction under Section 245(a)(4) of the California Penal Code constituted a particularly serious crime that rendered Perez ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii), because Perez failed to raise the argument in his opening brief. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). Even if Perez had raised the argument on appeal, we lack jurisdiction to disturb the determination of the IJ, because Perez did not challenge the IJ's determination before the BIA. *See Arsdi v. Holder*, 659 F.3d 925, 928–30 (9th Cir. 2011).

Substantial evidence supports the denial of Perez's application for withholding of removal. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b); *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). Perez failed to show that the Mexican government was unable or unwilling to protect him from his father or the threats to his family made by a cartel that kidnaped his uncle. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062–69 (9th Cir. 2017) (en banc). Perez's father's attempted social-media contact with Perez does not support a likelihood of

future persecution, because Perez is no longer a child, Perez's father's whereabouts remain unknown, and Perez's father's communication was not threatening. Finally, Perez failed to demonstrate a well-founded fear of future cartel violence; the unspecific, vague letters from former neighbors in Mexico do not constitute compelling evidence of a likelihood of future persecution, and his fear of generalized violence and strife is not sufficiently particular to Perez to warrant withholding of removal. *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–80 (9th Cir. 2007) (en banc).

Finally, substantial evidence supports the denial of CAT relief. 8 C.F.R. § 1208.16(c)(2)–(4); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Because the Mexican government "does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it," *Garcia-Milian*, 755 F.3d at 1034 (quoting *Mouawad v. Gonzales*, 485 F.3d 405, 413 (8th Cir. 2007)), the record evidence does not compel the conclusion that it is more likely than not that Perez would be tortured upon his return to Mexico. 8 C.F.R. § 1208.16(c)(2)–(4).

**PETITIONS DENIED.**