**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GHEORGHE MARCUS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | Nos.  17-71368<br>       19-70924<br><br>Agency No. A096-166-394<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2021[**]
Portland, Oregon

Before:  W. FLETCHER and FRIEDLAND, Circuit Judges, and BLOCK,[***]
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Gheorghe Marcus petitions for review of two decisions by the Board of Immigration Appeals ("BIA"). In 17-71368, the BIA affirmed the Immigration Judge's ("IJ") conclusion that Marcus had filed a frivolous asylum application, and affirmed denials of Marcus' motion to terminate, his motions to suppress and strike evidence that the IJ relied on during his removal proceedings, and his motion to obtain his Alien file under *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010). In 19-70924, the BIA denied as untimely his motion to reopen. We deny the first petition and dismiss the second.

Because the factual and procedural history is known to the parties, we do not recount it here.

1. Motion to Terminate: The Immigration and Nationality Act ("INA") imposes a five-year statute of limitations on rescission of adjustment of status as a lawful permanent resident. *See* 8 U.S.C. § 1256(a). The Department of Homeland Security ("DHS") commenced removal proceedings against Marcus in 2014, seven years after he received adjustment of status. He contends that his removal proceeding was time-barred by § 1256(a) because it was tantamount to a rescission of adjustment of status. He insists that the IJ therefore erred in denying his motion to terminate and the BIA erred in affirming that denial. This argument fails. In this circuit, the statute of limitations in § 1256(a) applies only to rescission of

2

status proceedings and not to removal proceedings. *See Oloteo v. INS*, 643 F.2d 679, 682–83 (9th Cir. 1981). Marcus has not demonstrated *Oloteo* is "clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). We are therefore bound by our holding in *Oloteo*.

2. Motion to Suppress: During an interview with a U.S. Citizenship and Immigration Services ("USCIS") officer concerning his pending application for naturalization, Marcus admitted to knowingly lying on his asylum application. He argues that the IJ should have suppressed this evidence because the USCIS officer had never advised him of his right to counsel. But the government need not notify a noncitizen of his right to counsel until formal proceedings commence. 8 C.F.R. § 287.3(c). Because the USCIS interview took place before DHS formally commenced removal proceedings by filing a Notice to Appear ("NTA"), the government had no duty to inform him of his right to counsel. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009).

The requirement in the Administrative Procedure Act that any person "compelled to appear" before an agency is "entitled to be accompanied" by counsel could not apply here because Marcus was not "compelled to appear." 5 U.S.C.

3

§ 555(b).[1]  Rather, he applied pro se for naturalization and appeared at the USCIS interview of his own volition.

Moreover, the USCIS interview resulted in no constitutional violation, much less a violation so "egregious" that it would support the invocation of the exclusionary rule in an immigration proceeding. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–51 (1984). Due process is not violated where a petitioner is "treated 'fine'" and "ma[kes] his statements 'voluntarily.'" *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2013). The USCIS officer did not coerce Marcus and told him that he "ha[d] the ability to refuse to answer a question." Marcus voluntarily answered the questions. The BIA correctly affirmed the denial of the motion to suppress.

3. Motion to Strike: A removal proceeding must be conducted "in accord with due process standards of fundamental fairness." *Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 862 (9th Cir. 2003) (en banc) (internal citation and quotation marks omitted). Marcus' statements were not hearsay, and, in any event, hearsay is admissible in removal proceedings. *Id.* The minor mistake in the transcript did not prejudice Marcus. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.

---

[1] Whether the Administrative Procedure Act applies to USCIS interview proceedings is an unsettled question that we need not reach in this action because Marcus was not "compelled to appear."

2000). The BIA did not err in affirming the IJ's denial of Marcus' motion to strike the interview transcript.

4. *Dent* Motion: The BIA correctly concluded that the issue raised in Marcus' motion for his Alien file ("A-file") under *Dent v. Holder*, 627 F.3d 365 (9th Cir. 2010) is moot. Because Marcus obtained the relevant parts of his A-file through FOIA, he was able to fully and fairly litigate his claim in front of the IJ. Further, because Marcus does not contest the IJ's factual findings, any possible due process violation did not prejudice him. *See id.* at 374.

5. Motion to Reopen: Marcus argues that the BIA should have reopened his case because the initial NTA lacked the time and date of the hearing. But the initial NTA need not include either detail, and Marcus later received notice of both. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1158–59 (9th Cir. 2019); 8 C.F.R. §§ 1003.14(a), 1003.18(b). Because there was no legal error, we lack jurisdiction to review the BIA's decision. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); 8 U.S.C. § 1252(a)(2)(D).

**PETITION FOR REVIEW IN 17-71368 DENIED AND PETITION FOR REVIEW IN 19-70924 DISMISSED.**