NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA ISELA TORRES ROSALES; et al., | Nos.  18-71459<br>19-70542 |
| Petitioners, | |
| v. | Agency Nos.  A206-373-952<br>A206-373-953<br>A206-373-954 |
| MERRICK B. GARLAND, Attorney General, | A206-373-955<br>A206-373-956 |
| Respondent. | MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Rosa Isela Torres Rosales and four family members, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

applications for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT") (petition No. 18-71459), and the BIA's order denying their motion to reconsider and terminate removal proceedings (petition No. 19-70542). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

As to petition No. 18-71459, substantial evidence supports the agency's determination that petitioners' past harm did not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (threats alone rarely constitute persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (record did not compel the conclusion that death threats rose to the level of persecution, where petitioner and his family were not physically harmed or confronted). Substantial evidence also supports the agency's determination that petitioners failed to establish their fear of future persecution was objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, in this case, they failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief as to all petitioners apart from the minor petitioner (A206-373-953), because they failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record petitioners' contentions that the agency applied an incorrect legal standard, failed to consider evidence, or otherwise erred in its analysis of their claims.

As to petition No. 18-71459 and 19-70542, petitioners' contentions as to jurisdiction over their removal proceedings under *Pereira v. Sessions*, —— U.S. ——, 138 S. Ct. 2105 (2018), fail under *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

In light of this disposition, as to petition No. 19-70542, the BIA did not abuse its discretion in denying petitioners' motion to reconsider and terminate. *See Karingithi*, 913 F.3d at 1160-62.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITIONS FOR REVIEW DENIED.**