**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DULCE MONTES-DE OCA PEREZ, et al, <br><br> Petitioners, <br><br> v. <br><br> MERRICK GARLAND, Attorney General, <br><br> Respondent. | No. 20-70107 <br><br> Agency Nos. A208-593-095 <br> A208-593-096 <br> A208-593-097 <br><br> MEMORANDUM* |

On Petition for Review of a
Final Order of the Immigration Judge

Submitted July 9, 2021**
Pasadena, California

Before: WATFORD and BUMATAY, Circuit Judges, and FREUDENTHAL, ***
District Judge

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Dulce Montes-De Oca Perez and her two children (collectively "Petitioner"[1]) appeal a final order of the Board of Immigration Appeals (BIA) dismissing their appeal of a decision by an Immigration Judge (IJ) denying Petitioner's application for asylum. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

Petitioner challenges the agency's determination that her proposed social groups were circular. Petitioner also challenges the determination that she failed to prove membership in her social groups and that the Mexican government was unable or unwilling to protect her. We review the agency's legal conclusions *de novo* and findings of fact for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B).

Petitioner's social groups are all premised on the inability of a Mexican woman to leave a domestic relationship. Petitioner argues inability to leave based on financial dependence which she claims is supported by the Mexico 2016 Human Rights Report discussing gender wage discrimination and her expert's declaration. Petitioner testified she left her abuser approximately twelve times, but voluntarily returned because of pity and affection, not because of financial dependence or economic abuse. General reports and declarations from expert witnesses do not substitute for Petitioner's own explanation of her motives for repeatedly leaving and

---

[1] The children are derivative beneficiaries of their mother's asylum application.

returning to her abuser. On the record presented, the BIA correctly concluded Petitioner failed to prove membership in her proposed social groups. We need not address Petitioner's circularity argument.

Petitioner suffered abuse from a private actor she did not report. Petitioner's primary reason for not contacting the police was that she believed the police would do nothing. In at least two instances, though, others called the police who arrived, but Petitioner still did nothing to seek protection from the abuse. While Petitioner need not report abuse to the authorities, her failure to do so simply because she believed the police would do nothing is not sufficient to "demonstrate that a country's laws or customs effectively deprive the petitioner of any meaningful recourse to governmental protection" or "convincingly establish that [going to the authorities] would have been futile or would have subjected [Petitioner] to further abuse." *Rahimzadeh v. Holder*, 613 F.3d 916, 921–922 (9th Cir. 2010) (simplified). The passages of the Human Rights Report that Petitioner cites regarding this issue do not compel the contrary conclusion.

Finally, Petitioner misreads *Niz-Chavez v. Garland*, ___ U.S. ___, 141 S. Ct. 1474 (2021), as invalidating her removal proceedings. As in *Pereira v. Sessions*, ___ U.S. ___, 138 S. Ct. 2105 (2018), *Niz-Chavez* interprets 8 U.S.C. § 1229(a)(1), which only concerns the stop-time rule. Immigration court jurisdiction, by contrast, is governed by federal regulation, which "does not require that the time and date of

3

proceedings appear in the initial notice." *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).

**PETITION DENIED.**