**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR GARCIA SANDOVAL, | No.   21-70772 |
| Petitioner, | Agency No. A206-150-319 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Julio Garcia Sandoval seeks review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ") denial of protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review both the BIA and IJ's factual findings under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the substantial evidence standard, *see Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020), and we review the agency's legal determinations de novo, *see Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010). We deny the petition for review.

The agency was correct as a matter of law when it concluded that Ninth Circuit precedent "squarely controlled and foreclosed" Garcia Sandoval's assertion that a defective Notice to Appear ("NTA") divested the agency of jurisdiction and required termination of the proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (jurisdiction vests with the defective NTA "so long as a notice of hearing specifying [time and place] is later sent to the alien" (internal quotations omitted)); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir. 2020). Although Garcia Sandoval initially received an NTA that failed to specify a time, date, or location for his removal hearing, he later received a notice of hearing that contained this information. Therefore, jurisdiction vested. Contrary to Garcia Sandoval's arguments, *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), and *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), while concerning NTAs lacking in date or time, did not squarely address jurisdiction.

Substantial evidence supports the agency's conclusion that Garcia Sandoval "has not established that it is more likely than not that any group or individual in Mexico will torture him or that the Mexican government would acquiesce to his torture." The record does not "compel" us to reverse the agency's denial of CAT

2

protection. *Garay Reyes v. Lynch*, 842 F.3d 1125, 1140 (9th Cir. 2016). Garcia Sandoval has not suffered torture in the past in Mexico, *see Alcaraz-Enriquez v. Garland*, 13 F.4th 848, 857 (9th Cir. 2021), and he has failed to show a particularized likelihood of future torture *with the acquiescence of public officials*, *see Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019). Evidence of general government ineffectiveness in preventing torture, or evidence of general violence or crime in a petitioner's country of origin, does not show that the petitioner, in particular, is likely to be tortured with the acquiescence of the government. *See B.R. v. Garland*, 2022 WL 534349, at *12–14 (9th Cir. 2022).

Although, as Garcia Sandoval notes, country conditions reports can support CAT relief if, "standing alone, [they] compel the conclusion that [petitioner] is more likely than not to be tortured upon return," *Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014) (cleaned up), nothing in these reports indicates that someone standing in Garcia Sandoval's shoes—a person who believes he will be targeted because he has lived in the United States—is likely to face torture. Garcia Sandoval's testimony that two of his nephews have worked as police and witnessed other officers committing robbery is not compelling evidence of a likelihood that Garcia Sandoval is at particular risk of torture with the acquiescence of public officials. Thus, substantial evidence supports the agency's denial.

**PETITION DENIED.**