

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARVIN JAVIER-FLORES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-71566

Agency No. A098-007-713

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before:  BEA, CHRISTEN, and BRESS, Circuit Judges.

Marvin Javier-Flores, a native and citizen of Honduras, petitions for review

of the Immigration Judge's (IJ) order reinstating an order of removal entered on

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

February 13, 2008.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Javier-Flores's petition.[1]

1.      We may review Javier-Flores's 2008 removal order only for a "gross miscarriage of justice."  *See Vega-Anguiano v. Barr*, 982 F.3d 542, 547 (9th Cir. 2019).  A gross miscarriage of justice "occurs when a . . . removal order had no valid legal basis at the time of its issuance or at the time of its execution."  *Id.* (emphasis omitted).  Javier-Flores argues that his 2008 removal order had no valid legal basis because, he contends, the IJ entered the order without subject matter jurisdiction.  Javier-Flores challenges the Immigration Court's subject matter jurisdiction because the Notice to Appear lacked the date and time of his removal hearing and he did not otherwise receive notice of the date and time of his removal hearing.  We disagree.

In *Aguilar Fermin v. Barr* and *Karingithi v. Whitaker*, we said a notice to appear that lacks a date and time of the removal hearing does not deprive the Immigration Court of jurisdiction so long as notice of the time and date of the removal hearing is later provided.  *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019).  But

---

[1]      Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

more recently, our en banc court held that notice of the date and time of the removal hearing is a claim-processing rule and the absence of such notice does not deprive the Immigration Court of subject matter jurisdiction. *United States v. Bastide-Hernandez*, No. 19-30006, 2022 WL 2662044, at \*5 (9th Cir. July 11, 2022) (en banc). Further, despite Javier-Flores's assertion that he was never given notice of the date and time of his removal hearing, the record makes clear that he was present at his removal hearing. The IJ did not issue an *in absentia* removal order and the IJ's decision indicates that it was personally served on Javier-Flores and that he waived his right to an appeal in the Immigration Court. The IJ did not enter Javier-Flores's 2008 removal order without subject matter jurisdiction and thus a gross miscarriage of justice has not occurred.

2. We are not persuaded by Javier-Flores's attempt to distinguish between when the Immigration Court's jurisdiction vested and when removal proceedings are "initiated" under 8 U.S.C. § 1229. *Bastide-Hernandez* made clear that the notice requirements in the statutory scheme on which Javer-Flores relies are merely claim-processing provisions that do not affect the court's subject matter jurisdiction. *Bastide-Hernandez*, 2022 WL 2662044, at \*5.

**PETITION FOR REVIEW DENIED.**