**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADELA URIOSTEGUI-MENDOZA, | No. 22-636 |
| Petitioner, | Agency No. A078-491-451 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2023[**]
Seattle, Washington

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Adela Uriostegui, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of her motion to reopen removal proceedings. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). Where, as here, the BIA adopted and affirmed the IJ's decision "without adding any commentary," the court "treat[s] the IJ's decision as that of the BIA." *Sinha v. Holder*, 564 F.3d 1015, 1019–20 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The immigration court properly exercised jurisdiction over Uriostegui's removal proceedings. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). Uriostegui's supplemental notice to appear, which was served on her counsel, Kaaren Barr, was sufficient. *Karingithi v. Whitaker*, 913 F.3d 1158, 1159–60 (9th Cir. 2019) (holding that a notice to appear that lacks the date and time of a noncitizen's removal hearing vests jurisdiction in the immigration court where a supplemental notice to appear specifies the date and time). Uriostegui argues that Barr did not actually represent her during her removal proceedings, such that service of the notice to appear on Barr was invalid, because Uriostegui did not hire Barr, never met with Barr, and never agreed that Barr would represent her. But substantial evidence supports the agency's finding that Barr represented Uriostegui, including the fact that both Uriostegui and Barr signed the stipulation for voluntary departure. The fact that Barr was later disbarred has no effect on our jurisdiction, nor does it demonstrate an absence of due process.

The IJ denied Uriostegui's motion to reopen as untimely—it was filed almost two decades after the deadline—and concluded that Uriostegui failed to "establish that she acted with the due diligence required to equitably toll the statutory deadline." Uriostegui did not challenge this holding before the BIA, and we decline to consider the unexhausted untimeliness issue. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113–14 (2023) (construing exhaustion under 8 U.S.C. § 1052(d)(1) as a non-jurisdictional claims-processing rule). Nor did she argue timeliness in her opening brief, so she has forfeited the issue. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that a petitioner forfeits an issue by not raising it "specifically and distinctly" in her opening brief (citation omitted)). Because the untimeliness of Uriostegui's motion to reopen is dispositive, we do not reach the IJ's "other bases for denying the motion to reopen." *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016).

**PETITON FOR REVIEW DENIED.**