NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERTO CHAVEZ SOLORIO, AKA
Alberto Solorio Chavez,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-72249

Agency No. A072-059-017

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2025**
San Francisco, California

Before:  CALLAHAN, BADE, and KOH, Circuit Judges.

Alberto Chavez-Solorio petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal from an Immigration Judge's (IJ) decision

denying his application for cancellation of removal for failure to demonstrate

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

hardship and denying his motion to reconsider and terminate the proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Chavez-Solorio contends that because his initial notice to appear (NTA) did not include the date and time for his hearing, the agency should have terminated his removal proceedings for lack of jurisdiction based on *Pereira v. Sessions*, 585 U.S. 198 (2018). His argument is foreclosed by our decisions in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and *United States v. Bastide-Hernandez*, 39 F.4th 1187 (9th Cir. 2022) (en banc).

In *Karingithi*, we held that immigration courts have "jurisdiction over removal proceedings when the initial [NTA] does not specify the time and date of the proceedings, but later notices of hearing include that information." 913 F.3d at 1158–59. In *Bastide-Hernandez*, we further clarified that the statutory definition of a NTA, which "requires that it contain the date and time of the removal hearing, . . . chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of the immigration courts to conduct those proceedings." 39 F.4th at 1192; *see also* 8 U.S.C. § 1229(a)(1) (NTA requirements); 8 C.F.R. § 1003.14(a) (providing that immigration proceedings commence upon the filing an NTA). Thus, the "filing of an undated NTA that is subsequently supplemented with a notice of hearing fully complies

with [8 C.F.R. § 1003.14]" and does not deprive the immigration court of jurisdiction. *Bastide-Hernandez*, 39 F.4th at 1193.

It is undisputed that, soon after he received the NTA, Chavez-Solorio received a notice of hearing that specified the date, time, and place of his initial removal hearing. Accordingly, the BIA did not abuse its discretion when it affirmed the IJ's denial of Chavez-Solorio's motion to reconsider and terminate the proceedings, and we deny Chavez-Solorio's petition on this basis. *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005) (stating we review the BIA's ruling on a motion for reconsideration for an abuse of discretion).

2. Chavez-Solorio requests that we take judicial notice of two country conditions report that were not part of the administrative record before the agency. We deny this request. Generally, our review is limited to "facts considered by the [BIA]." *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996); *see also* 8 U.S.C. § 1252(b)(4)(A). Although we may consider evidence that was not before the BIA under certain circumstances, none of those circumstances are present here. *See Fisher*, 79 F.3d at 964 ("We may review out-of-record evidence only where (1) the Board considers the evidence; or (2) the Board abuses its discretion by failing to consider such evidence upon the motion of an applicant."); *see also Gafoor v. INS*, 231 F.3d 645, 656–57 (9th Cir. 2000) (applying the "dramatic foreign

3

development" exception), *superseded by statute on other grounds as stated in Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009).

Moreover, while Chavez-Solorio contends that the agency failed to consider the "relevant Human Rights Country Report on Mexico," he has not shown that the 2020 reports were part of the administrative record before the IJ when she made her ruling in 2018 or when the BIA affirmed the ruling in July 2020.

3. We also deny the petition to the extent it challenges the agency's denial of cancellation of removal. The agency denied cancellation of removal because it found that Chavez-Solorio did not satisfy his burden of showing that his removal would cause "exceptional and extremely unusual hardship" to his children under 8 U.S.C. § 1229b(b)(1)(D).

The agency's factual findings "underlying any determination on cancellation of removal" are "unreviewable" pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). *Wilkinson v. Garland*, 601 U.S. 209, 218-19, 225 (2024). We have jurisdiction, however, to review whether the agency applied the correct legal standard in assessing hardship to qualifying relatives, *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009), and whether a "given set of facts" satisfies that standard, *Wilkinson*, 601 U.S. at 217, 221-22. Because determining whether a set of facts satisfies the hardship standard is "mixed question of law and fact" that is "primarily factual," judicial review is "deferential." *Id.* at 222, 225.

4

The IJ found that if Chavez-Solorio "were removed, his children would stay in the United States with their mother." Chavez-Solorio did not challenge this factual finding on appeal to the BIA, and the BIA adopted this finding. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2025) (en banc) (explaining that when the BIA cites *Matter of Burbano* "and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety").

Chavez-Solorio's opening brief can be construed as presenting a new argument that his "pre-adolescent daughter" who has a "mental health diagnosis of anxiety and depression," which are "serious medical condition[s]" would accompany him to Mexico, where she would suffer an extreme hardship because she would not receive adequate care. As the government argues, Chavez-Solorio did not present this argument to the BIA and therefore failed to satisfy 8 U.S.C. § 1252(d)(1)'s exhaustion requirement. Because the government has raised the exhaustion requirement, we must decline to review this argument. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417, 423 (2023); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (recognizing that the exhaustion requirement is mandatory unless waived or forfeited). Further, to the extent that Chavez-Solorio challenges the agency's factual determination that, if he were removed to Mexico, his children would remain in the United States, such a contention is unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i). *Wilkinson*, 601 U.S. at 218-19. Thus, Chavez-Solorio

has not shown that the agency erred by denying cancellation of removal.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.