NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FREDIS ERMIDIO PAREDES-MARROQUIN, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 19-73031 <br><br> Agency No. A205-907-426 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA,[***] District Judge.

Fredis Ermidio Paredes-Marroquin, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Hernán Diego Vera, United States District Judge for the Central District of California, sitting by designation.

dismissing his appeal of an Immigration Judge's ("IJ") (collectively, the "Agency") order denying his application for protection under the Convention Against Torture ("CAT").

Where, as here, the BIA relies only in part on the IJ's decision, we review both the BIA's and IJ's decisions. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review the Agency's legal determinations de novo and its factual determinations for substantial evidence. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1.      Petitioner's arguments that the IJ did not have jurisdiction over his removal proceedings because his initial Notice to Appear lacked a date, time, and place for the hearing, are foreclosed by our decisions in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc), *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019), and *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

2.      Substantial evidence supports the Agency's determination that Petitioner failed to demonstrate that it is "more likely than not" that he will be tortured by or with the acquiescence of the Salvadoran government upon removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Petitioner testified that he was attacked by three gang members in 2002 but never attempted to report this incident to

authorities. Because the police were never made aware of what happened to Petitioner, the record does not compel a finding that they acquiesced to the attack. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (explaining that acquiescence is shown where public officials "have awareness of the activity (or consciously close their eyes to the fact it is going on)" and "the police are unable or unwilling to oppose the crime").

Nor does the record reflect the Salvadoran government's "willful blindness" to torture committed by private actors in remote areas, as Petitioner suggests. As the Agency found, the record includes country conditions information showing that the government has made demonstrable, albeit imperfect, efforts to prosecute criminal activity and reduce gang violence. *See id.* ("[T]hat a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture.").

**PETITON DENIED.**